IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIM DONNALS, as father and next friend of ) <br> BRYAN DONNALS, a minor ) <br> ) <br>            Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> VICCO INDUSTRY, INC., ) <br> ) <br>            Defendant. | CIVIL NO. 12 - 206-GPM |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

      This case is before the Court *sua sponte* on the issue of federal subject matter jurisdiction. *See Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007)) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case."); *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction"); *Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002) ("Jurisdiction is the power to declare law, and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction *sua sponte*, they must.") (quotation omitted); *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged."). In light of Seventh Circuit Court of Appeals opinions, this Court has undertaken a more rigorous initial review of complaints to ensure that jurisdiction has been properly pleaded. *See, e.g., Smith v. American*

*Gen'l Life and Accident Ins. Co.*, 337 F.3d 888 (7 th Cir. 2003); *Tylka v. Gerber Prods. Co.*, 211 F.3d 445 (7th Cir. 2000); *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072 (7th Cir. 1992) (per curiam),

Plaintiff claims this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, diversity jurisdiction. The exercise of federal subject matter jurisdiction in diversity requires the parties to a case be completely diverse; which is to say, no plaintiff may be a citizen of the same state as any defendant, and the amount in controversy exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008); *Driscoll v. Brown & Crouppen, P.C.*, Civil No. 09-859-GPM, 2009 WL 3770190, 2009 U.S. Dist. LEXIS 105888 at *1 (S.D. Ill. Nov. 10, 2009).

Plaintiff alleges that Defendant Vicoo is a California corporation that dissolved in March 2010. Plaintiff's jurisdictional allegations regarding Defendant Vicoo are *woefully deficient*. In the Seventh Circuit, there are two ways to determine the citizenship of a dissolved corporation, for diversity purposes. First, if the law under which a dissolved corporation was incorporated allows the corporation to sue and be sued in its own name after dissolution, then the dissolved corporation's citizenship is determined by the state where the corporation was incorporated and the state where the corporation maintained its principal place of business. *See Wild v. Subscription Plus, Inc.*, 292 F.3d 526, 528-29(7th Cir. 2002); *Colon v. SmithKline Beecham Corp.*, No. 09-cv-1073-GPM, 2010 WL 46523, 2010 U.S. Dist. LEXIS 544, at *17 (S.D. Ill. Jan. 5, 2010). *Muro v. Abel Freight Lines, Inc.*, No. 91 C 6893, 1992 WL 67816, at *1(N.D. Ill. Mar. 26, 1992); *Illinois Cent. Gulf R.R. Co. v. Arbox Three Corp.*, 700 F. Supp. 389, 390-91 (N.D. Ill. 1988). Second, if the law under which a dissolved corporation was incorporated does not permit the corporation to sue and be sued in its own

name after dissolution, then the citizenship of the dissolved corporation for diversity purposes is the citizenship of the trustee or trustees of the dissolved corporation. *See Newsom v. Caliber Auto Transfer of St. Louis, Inc.*, Civil No. 09-954-GPM, 2009 WL 4506298, at *3 (S.D. Ill. Nov. 26, 2009); *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006); *Daluga v. Harvey*, No. 87 C 560, 1987 WL 7461, at *2 (N.D. Ill. Mar. 5, 1987).

Accordingly, pursuant to 28 U.S.C. § 1653, Plaintiff is **ORDERED** to file an Amended Complaint **on or before April 3, 2012** to establish the citizenship of Defendant Vicoo.[1]  If Plaintiff fails to file an Amended Complaint in the manner and time prescribed or if, after reviewing it, the Court finds that Plaintiff cannot establish federal subject matter jurisdiction, the Court will dismiss the action for lack of jurisdiction.

**IT IS SO ORDERED.**

DATED: March 20, 2012

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge

---

[1] The Court finds Plaintiff's allegations sufficient to establish the amount in controversy requirement.